**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CRYSTAL GARDNER, | : | |
| | : | |
| PLAINTIFF, | : | CIVIL ACTION |
| V. | : | No. |
| | : | |
| | : | |
| THE ESTATE OF NICOLAS VERRECCHIO | : | |
| by and through its PERSONAL | : | |
| REPRESENTATIVE, PHILADELPHIA | : | |
| POLICE OFFICER JOHN DOE 1, | : | |
| PHILADELPHIA POLICE SERGEANT JOHN | : | |
| DOE 2, AND JOHN DOES 3 -10, | : | |
| DEFENDANTS. | : | |

**AMENDED COMPLAINT**

Plaintiff Crystal Gardner, by and through his counsel, Steven R. Bryson and van der Veen, Hartshorn & Levin, brings this civil action and avers as follows:

**PARTIES**

1.    This is a civil rights action arising from the unlawful seizure, excessive force, retaliatory detention, and related misconduct committed by members of the Philadelphia Police Department against Plaintiff on June 11, 2024.

2.    On that date, officers responded to a family property dispute involving Plaintiff's mother and another family member.

3.    During the encounter, Defendant officers repeatedly slammed Plaintiff onto the hood of a vehicle and subsequently threw Plaintiff to the ground.

4.    Plaintiff was then handcuffed, placed into a police vehicle, transported to a Philadelphia police district, and detained despite not committing a crime.

5.    Plaintiff was never charged with any criminal offense, issued a citation, or otherwise criminally processed.

1

6.    Plaintiff was ultimately released from police custody without charges.

7.    The conduct of Defendants violated Plaintiff's rights under the United States Constitution and caused Plaintiff to suffer physical injuries, emotional distress, humiliation, pain and suffering, and other damages.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

9.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Philadelphia, Pennsylvania.

## PARTIES

11.    Plaintiff Crystal Gardner is an adult individual residing in Philadelphia County, Pennsylvania.

12.    Defendant The Estate of Nicolas Verrecchio, by and through its Personal Representative, is sued as the legal successor to Defendant Nicolas Verrecchio, who at all relevant times was a police officer employed by the Philadelphia Police Department acting under color of state law.

13.    Upon information and belief, Defendant Nicolas Verrecchio is deceased, and the claims asserted herein survive against his Estate.

14.    Defendant Philadelphia Police Officer John Doe 1 was, at all relevant times, a police officer employed by the Philadelphia Police Department acting under color of state law.

15.    Defendant Philadelphia Police Sergeant John Doe 2 was, at all relevant times, a supervising officer employed by the Philadelphia Police Department acting under color of state law.

2

16. The true identities of Defendants John Does 1–10 are presently unknown despite reasonable investigation.

17. Plaintiff will amend this Complaint upon discovery of the true identities of said Defendants.

## FACTUAL ALLEGATIONS

17. On or about June 11, 2024, members of the Philadelphia Police Department responded to a dispute involving Plaintiff's mother and another family member concerning property located in Philadelphia, Pennsylvania.

18. The dispute was civil and familial in nature. Plaintiff was present at the scene but had not committed a violent offense, was not posing an immediate threat to officers or others and was not attempting to flee.

19. During the encounter, Plaintiff verbally criticized and insulted police personnel. Plaintiff's statements, while offensive and disrespectful, did not constitute threats, physical interference, or criminal conduct.

20. Upon information and belief, Defendant Sergeant John Doe 2, a supervising officer present at the scene, directed officers to detain Plaintiff following Plaintiff's verbal criticism of police personnel.

21. Shortly thereafter, Defendant officers physically seized Plaintiff and repeatedly slammed Plaintiff onto the hood of a vehicle before throwing Plaintiff to the ground.

22. The force used against Plaintiff was unnecessary, excessive, unreasonable, and disproportionate to the circumstances confronting officers at the time.

23. Defendants then handcuffed Plaintiff, placed Plaintiff into a police vehicle, and transported Plaintiff to a Philadelphia police district for detention.

24. Despite detaining and transporting Plaintiff into police custody, Defendants never charged

3

Plaintiff with a criminal offense, issued a citation or summary offense, or otherwise criminally processed Plaintiff.

25.    Plaintiff was ultimately released from police custody without charges.

26.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injuries, physical pain, emotional distress, humiliation, embarrassment, fear, inconvenience, and other damages.

## COUNT I – 42 U.S.C. § 1983 – EXCESSIVE FORCE
### Against Individual Defendants

27.    Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

28.    At all relevant times, Defendants acted under color of state law.

29.    The Fourth Amendment prohibits the use of objectively unreasonable force during the seizure of a person.

30.    Defendants used excessive and objectively unreasonable force against Plaintiff by repeatedly slamming Plaintiff onto the hood of a vehicle and throwing Plaintiff to the ground despite Plaintiff not posing an immediate threat warranting such force.

31.    The force used against Plaintiff was unnecessary and disproportionate to the circumstances confronting officers at the scene.

32.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injuries, emotional distress, pain and suffering, humiliation, and other damages.

## COUNT II - 42 U.S.C. § 1983 – FALSE ARREST / UNLAWFUL SEIZURE
### Against Individual Defendants

33.    Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

4

34.    Defendants seized, handcuffed, transported, and detained Plaintiff without probable cause or lawful justification.

35.    Although Plaintiff was taken into custody and transported to a police district, Plaintiff was never charged with a criminal offense, issued a citation, or otherwise criminally processed.

36.    The seizure and detention of Plaintiff violated Plaintiff's rights under the Fourth Amendment to the United States Constitution.

37.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

### COUNT III - 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION
#### Against Individual Defendants

38.    Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

39.    Plaintiff engaged in constitutionally protected speech during the incident by verbally criticizing police personnel.

40.    Upon information and belief, Defendants detained Plaintiff in retaliation for Plaintiff's protected speech and verbal criticism of police personnel.

41.    Defendants caused Plaintiff to be handcuffed, transported, and detained because of Plaintiff's protected speech.

42.    The retaliatory conduct of Defendants would deter a person of ordinary firmness from engaging in protected speech.

43.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

### COUNT IV - ASSAULT AND BATTERY
#### Against Individual Defendants

44.    Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

45.    Defendants intentionally used harmful and offensive physical force against Plaintiff without lawful justification, including repeatedly slamming Plaintiff onto a vehicle and throwing Plaintiff to the ground.

46.    The conduct of Defendants constituted assault and battery under Pennsylvania law.

47.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

## COUNT V – FALSE IMPRISONMENT
### Against Individual Defendants

48.    Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

49.    Defendants intentionally restrained Plaintiff's freedom of movement by handcuffing, transporting, and detaining Plaintiff against his will and without lawful justification.

50.    The conduct of Defendants constituted false imprisonment under Pennsylvania law.

51.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

[SPACE INTENTIONALLY LEFT BLANK]

6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A. Compensatory damages in an amount to be determined by a jury;

B. Punitive damages against the individual non-Estate Defendant Officer;

C. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

D. Pre-judgment and post-judgment interest; and

E. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**VAN DER VEEN, HARTSHORN & LEVIN**

BY: _____

Michael T. van der Veen, Esq.
Steven R. Bryson, Esq.
*Attorney for Plaintiff*

Dated: May 20, 2026

7

## VERIFICATION

I, <u>Crystal Gardner</u>, verify that I am the Plaintiff herein and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

I further understand that this statement is subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

Signed: X _Crystal Gardner_

Dated: 5/20/26